## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID EDWARD RICKER, ) | |
| ) | Case No. 2:24-cv-00273 |
| *Petitioner*, ) | |
| ) | District Judge Christy Criswell Wiegand |
| v. ) | Magistrate Judge Kezia O. L. Taylor |
| ) | |
| SUPERINTENDENT SCI PINE ) | |
| GROVE, *et al.,* ) | |
| ) | |
| *Respondents.* | |

### REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

For the reasons set forth herein, it is respectfully recommended that the Petition for Writ of Habeas Corpus, ECF No. 1, be dismissed as moot.

**II.      REPORT**

Petitioner David Edward Ricker ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition") challenging his denial of parole by the Pennsylvania Board of Probation and Parole ("the Board") on September 7, 2023.  ECF No. 1.  At this time, the Court takes judicial notice that since the filing of the Petition in this case, Petitioner was denied parole again on September 30, 2024.  *See Ricker v. Pennsylvania Board of Prob. and Parole*, 2:24-cv-01512, ECF No. 5 (W.D. Pa. Dec. 12, 2024).

Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. Art. III, § 2; *see Chong v. District Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001) ("[T]he exercise of judicial power depends upon the existence

of a case or controversy."). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). *See also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Since the filing of the Petition in this case, Petitioner was reviewed for and denied parole again on September 30, 2024. Generally, a challenge to an earlier parole decision is rendered moot by a subsequent parole decision. *See Wolfe v. Diugielmo*, 06-5261, 2008 WL 544645, at

2

*6 (E.D. Pa Feb. 25, 2008).  Specifically, where the appropriate relief in a case would be an order directing a new hearing before the parole board, a challenge to a prior parole denial is moot when the petitioner has received a new hearing.  *Id*.  Because the appropriate remedy in this case would be a new hearing before the Board, and because Petitioner had a new hearing since the filing of his Petition in this case, any claims challenging the denial of parole prior to September 30, 2024 are now moot.  Petitioner's challenge to the denial of parole on September 30, 2024 are currently pending in a petition before the Court at case number 2:24-cv-1512 and will be reviewed in that case.

## III.   <u>CONCLUSION</u>

For the aforementioned reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus, ECF No. 1, be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  January 21, 2025.


/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge


Cc:    David Edward Ricker
       NF4503
       SCI Pine Grove

3

189 Fyock Road
Indiana, PA  15701

Counsel of record
(Via CM/ECF electronic mail)